**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| TOBIAS A. FRANK,<br><br>　　　　Plaintiff - Appellant,<br><br>v.<br><br>DERRICK SCHULTZ, Correctional Counselor, individually and in official capacity and R. BYRD, Disciplinary Hearing Officer, individually and in official capacity,<br><br>　　　　Defendants - Appellees. | No. 14-55890<br><br>D.C. No. 5:12-cv-01848-JAK-SS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted November 18, 2015[**]

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Federal prisoner Tobias A. Frank appeals pro se from the district court's summary judgment in his action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging First and Fourteenth Amendment violations.[1]  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Nunez v. Duncan*, 591 F.3d 1217, 1222 (9th Cir. 2010).  We affirm.

The district court properly granted summary judgment on Frank's First Amendment retaliation claim because Frank failed to raise a genuine dispute of material fact as to whether Schultz took an adverse action against Frank in retaliation for his allegedly protected conduct.  *See Brodheim v. Cry*, 584 F.3d 1262, 1269-71 (9th Cir. 2009) (setting forth elements of a retaliation claim in the prison context, and noting that "a plaintiff must show that his protected conduct was the substantial or motivating factor behind the defendant's conduct" (citation omitted)).

Frank's motion for judgment, filed on September 28, 2015, is denied.

**AFFIRMED.**

---

[1] We address Frank's Fourteenth Amendment due process claim in a concurrently filed opinion.